# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE A. TOLIVER,

    Plaintiff(s),

v.

M. PACHECO, et al.,

    Defendant(s).

Case No.: 2:20-cv-00383-GMN-NJK

**ORDER**

(Docket No. 1)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also filed a complaint. Docket No. 1-1.

**I.**     *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that, on May 10, 2019, Defendant Officer Pacheco arrested him at a Motel 6, where Plaintiff was staying, for giving a false statement about a girl who would not leave Plaintiff's room, even after police told her to. Docket No. 1-1 at 3. Plaintiff alleges that Defendant Pacheco put him in a police car for two hours, in handcuffs, while Defendant Pacheco went back to the room to talk to the girl, before ultimately arresting Plaintiff for making a false statement. *Id.* Plaintiff alleges two causes of action, false arrest and false imprisonment, *id.* at 4–5, and seeks $75,000 in various types of damages, *id.* at 9. The Court will discuss Plaintiff's two causes of action in turn.

**A. False Arrest**

Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

Plaintiff fails to state a colorable false arrest claim against Defendant Pacheco. Plaintiff alleges only that "he [was] arrested [] for a false statement that [he has no] idea about." Docket No. 1-1 at 4. Plaintiff fails to allege that, under the totality of the circumstances known to Defendant Pacheco, a prudent person would not believe that Plaintiff had committed a crime. Plaintiff also fails to mention Defendant Las Vegas Metropolitan Police Department, the entity, in his false arrest cause of action. Thus, Plaintiff fails to state a claim of false arrest upon which relief can be granted.

**B. False Imprisonment**

A federal district court has supplemental jurisdiction over all other claims that are part of the same case or controversy as the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). If the federal and state law claims arise out of a "common nucleus of operative fact," the court may exercise supplemental jurisdiction over the state law claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Given that Plaintiff's state law claim for false imprisonment arises out of a common nucleus of operative fact as his false arrest claim over which the Court has original jurisdiction, the Court may exercise supplemental jurisdiction over the claim. Under Nevada law, "to establish false imprisonment of which false arrest is an integral part, it is necessary to prove that the person [was] restrained of his liberty under the probable

imminence of force without any legal cause or justification." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (internal quotation marks and citations omitted).

Plaintiff fails to state a colorable false imprisonment claim against Defendant Pacheco. Plaintiff alleges only that "he [was] arrested [] for a false statement that [he has no] idea about." Docket No. 1-1 at 4. Plaintiff fails to allege that he was restrained of his liberty under the probable imminence of force with no legal cause or justification. Further, because Plaintiff fails to allege a colorable claim for false arrest, there is no indication that Plaintiff's arrest was not with no legal cause or justification. Plaintiff fails again to mention Defendant Las Vegas Metropolitan Police Department, the entity, in his false imprisonment cause of action. Thus, Plaintiff fails to state a claim of false imprisonment upon which relief can be granted.

**III. Conclusion**

For the reasons stated above, the complaint is **DISMISSED**.[1] Although it appears unlikely that Plaintiff can overcome the above deficiencies, the Court will permit him the opportunity to amend the complaint if he believes he can do so.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff will not have to pay the filing fee of four hundred dollars ($400.00). Plaintiff may maintain this action to conclusion without the need for prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **April 16, 2020**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original

---

[1] Given the deficiencies outlined herein, the Court need not opine on whether other deficiencies exist that may also prevent Plaintiff from pursuing his claims through this case.

complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: March 20, 2020

                                                   Nancy J. Koppe
                                                   United States Magistrate Judge